UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE SCOTT ZISKIND, | ) | CASE NO. 4:06CV0593 |
| | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| Plaintiff | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| ALBERTO GONZALES. et al., | ) | ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

CHRISTOPHER A. BOYKO, J.:

Before the court are pro se plaintiff Bruce Scott Ziskind's Motions for Temporary Restraining Order [Doc. 2] and for Short Order Notice Hearing [Doc. 3] filed March 14, 2006. Mr. Ziskind. who is currently incarcerated at the Federal Correctional Institution in Elkton. Ohio ("F.C.I. Elkton"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court on March 14. 2006. He now seeks an order precluding and enjoining the respondents. as follows:

> A. From interfering with his transfer to the least restrictive facility in the State of Massachusetts. along with his legal materials.

  B.  Other collateral relief to ensure he does not incur any "further irreparable harm to the extent that his access to counsel and the courts are not impeded." (Mot. for T.R.O.)

The court has reviewed the complaint and the memorandum in support of the motion. The Motion for Short Order Notice Hearing is denied and, for the reasons outlined below, Mr. Ziskind's application for a TRO is also denied.

*Background*

Following a trial by jury, Mr. Ziskind was convicted on February 12, 2003 in the United States District Court for the District of Massachusetts of conspiring to possess stolen goods in violation of 18 U.S.C. §§ 371 and 659. The court sentenced him on November 7, 2003 to 63 months in prison. He filed a direct appeal of his sentence in the First Circuit Court of Appeals on November 17, 2003.

Mr. Ziskind also pleaded guilty to "misdemeanors" on March 23, 2004. The court sentenced him to 12 months consecutive/12 months concurrent terms on July 30, 2004. He states that he filed a timely appeal of this sentence.

On August 19, 2004, Judge Douglas P. Woodlock of the U.S. District Court of Massachusetts issued a Judicial Recommendation pursuant to Federal Criminal Rule 38(b) wherein he recommended that Mr. Ziskind be designated to a facility in Massachusetts to permit consultation regarding the preparation of his appeal. At that time, Mr. Ziskind was incarcerated at F.C.I. Gilmer in West Virginia. The at F.C.I. Gilmer approved his transfer to FPC Devens Camp on August 19, 2005. However, for reasons not disclosed in the petition, motion or by attachment, the BOP's Mid-Atlantic Region allegedly overruled the warden's decision via email.

On November 1, 2005, Mr. Ziskind was transferred from F.C.I. Gilmer in West

2

Virginia to F.C.I. Elkton in Ohio. Three months later, Judge Woodlock issued another Judicial Recommendation on February 1, 2006, setting forth the same recommendation he issued in August 2004.

Mr. Ziskind now maintains that an "imminent briefing schedule" has been imposed by the First Circuit that "make[s] time of the essence [,] warranting the exigency for this TRO." (Mot. at 2.) He states that he exhausted his administrative remedies with F.C.I. Elkton's warden, the Mid-Atlantic Regional Office, the Northeast Regional Office, but was denied relief by the BOP Central Office, Washington, D.C. on January 3, 2006. He states that his Case Manager advised him that the warden at F.C.I. Elkton "is indifferent to Judicial Recommendations, thus further attempts to resolve this matter will be futile." (Compl. at 8.)

*Temporary Restraining Order*

The Sixth Circuit has explained that "the purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had." Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 227 (6th Cir.1996). Where prison management is concerned, however, the status quo is to allow the Bureau of Prisons to manage its facilities and the prisoners incarcerated there. A restraining order would disturb the status quo and encroach on the BOP's discretion. See e.g. In the Matter of Providence Journal Company, 820 F.2d 1342, modified on reh'g by 820 F.2d 1354 (1st Cir.1986), cert. granted and dismissed on other grounds, United States v. Providence Journal Co., 485 U.S. 693 (1988)(effect of TRO on prior restraint). While this is reason for circumspection, it does not end the court's inquiry with regard to whether a TRO should issue.

The court must still review the following four factors to determine if a TRO is warranted in this context: (1) the likelihood of the plaintiff's success on the merits; (2) whether the

3

injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir.1985); Mason County Medical Ass'n v. Knebel, 563 F.2d 256, 261 (6th Cir.1977). The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. Id. at 1229. In balancing the four considerations applicable to temporary restraining order decisions, the court holds that equitable relief is not appropriate at this time.

a.  *Likelihood of Success*

With regard to the likelihood of success, Mr. Ziskind has not set forth a compelling argument. While there is no dispute that Criminal Rule 38 provides that "the court may recommend to the Attorney General that the defendant be confined near the place of . . . appeal," FED. CRIM. R. 38(b)(2), it is exclusively for Bureau of Prisons to designate the place of confinement of a prisoner. Monahan v. Winn, 276 F.Supp.2d 196, 207 (D. Mass. 2003)("the authoritative statement of the BOP's ability to locate prisoners in all settings is enshrined in a statute, § 3621(b).") Section 3621 of the Comprehensive Crime Control Act of 1984 replaced 18 U.S.C. § 4082, which had previously given authority to the Attorney General to assume custody of offenders and designate their place of imprisonment. Pub.L. No. 98-473, § 218(a)(3), 98 Stat. 1837 (1984) (repealing 18 U.S.C. § 4082(a), (b)). The statute gives the BOP discretion to designate the place of an offender's imprisonment. 18 U.S.C. § 3621(b).

With regard to any constitutional concerns, the Bureau of Prisons has a great deal of discretion in running its institutions, and such discretion normally outweighs any interest that any individual prisoner may have in remaining housed in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983). In that regard, the Supreme Court has explicitly held that an inmate has no

4

"justifiable expectation that he will be incarcerated in any particular State." Id.

Mr. Ziskind's assertion that the BOP must consider the judicial recommendations of the sentencing judge based on Woodall v. Federal Bureau of Prisons, 432 F3d 235 (3d Cir. 2005) is misplaced. In Woodall the prisoner asserted that a BOP regulation limiting his placement in community confinement to the lesser of ten percent of the prisoner's total sentence or six months was a violation of 18 U.S.C. § 3621. The court held that the specific enumerated factors listed in § 3621 for the BOP's consideration were mandatory despite the BOP's ability to consider other additional factors not listed in the statute. Id. at 248. Here, the court cannot ignore the BOP's statutory authority to designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b).

b.  *Irreparable Injury*

Although Mr. Ziskend states that he has already suffered irreparable injury to his defense, at this stage, his statements are legal conclusions. Without the benefit of an opinion from the appellate court, his assertions of innocence have yet to be determined. He has not stated any tangible injury that he has suffered. While it may be less convenient to be in Ohio than Massachusetts, access to prisoners has became less problematic with the passage of the Criminal Justice Act, which provides for compensation to an attorney to travel to the place at which a prisoner is confined. See Notes of Advisory Committee on 1972 Amendments to Federal Rules of Criminal Procedure, FED. R. CRIM. P. 38.

c.  *Harm to Others*

Mr. Ziskind's presumption that no one will be harmed by this action ignores the relevant case law in this area. As noted above, a sentencing court has no authority to order that a convicted defendant be confined in a particular facility. See 18 U.S.C. § 3621(b); United States v.

Restrepo, 999 F.2d 640, 644-45 (2d Cir.), cert. denied, 510 U.S. 954 (1993); United States v. Voda, 994 F.2d 149, 151-52 (5th Cir.1993). Therefore, allowing petitioner to be transferred immediately under a TRO would contravene 18 U.S.C. § 3621(b) and undermine the BOP's authority as the ultimate arbiter with regard to prison management. See 18 U.S.C. § 3621.

d.  *Public Interest Served*

Mr. Ziskind claims the public "has an interest in ensuring that the Government would not stoop to a deliberate deception of defendants, . . . for the purpose of obtaining a conviction." (Mot. at 4.) Again, he fails to raise a legitimate argument to support his motion for a TRO. While, he clearly believes his appeals have merit, it is not in the public interest to presume that a conviction is invalid prior to a court's review on appeal.

Accordingly, Mr. Ziskind's motion for temporary restraining order (Doc. 4) is DENIED. However, the court retains jurisdiction of this matter for further proceedings.

IT IS SO ORDERED.

DATE: 3/20/06

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE