UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRUCE SCOTT ZISKIND,                ) CASE NO.  4:06CV0593
                                    )
                                    )
    Petitioner                      ) JUDGE CHRISTOPHER A. BOYKO
                                    )
-vs-                                )
                                    )
ALBERTO GONZALES, et al.,           ) MEMORANDUM OF OPINION
                                    ) AND  ORDER
                                    )
    Respondents.                    )

CHRISTOPHER A. BOYKO, J.:

    On March 14, 2006, pro se petitioner Bruce Scott Ziskind filed the above-captioned habeas corpus action against U.S. Attorney General Alberto Gonzales, the United States Department of Justice and T.R. Sniezek, Warden at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton) pursuant to 28 U.S.C. § 2241.  Mr. Ziskind also filed a Motion for Temporary Restraining Order on March 14, 2006, which this court denied on March 21, 2006.

    In the March 14, 2006 petition, Mr. Ziskind asserted that the respondents have denied his constitutional, statutory and regulatory rights by denying him access to counsel and by

withholding Good Credit Time (GCT) to which he is entitled. Incarcerated at the F.C.I. Elkton, Mr. Ziskind sought immediate transfer to a prison within the venue of the United District Court of Massachusetts and an award of forty-four days GCT.

On May 8, 2006, Mr. Ziskind filed the following motions in this court: Motion to Amend, Motion for Temporary Restraining Order, Motion for Conference/Hearing, Motion for Issuance of a Summons and Service of the Verified Amended Complaint and Motion to Change Transfer/Venue. Petitioner is granted leave to file his amended complaint,[1] which will be referred to as Amended Petition (Am.Pet.).

In the amended pleading, Mr. Ziskind asserts that this is an action for "declaratory, equitable, Writ and injunctive relief to redress the denial of Plaintiff's constitutional, statutory, and regulatory rights under the Administrative Procedures Act, 5 U.S.C. §701-706." (Am. Pet at 1.) He maintains he was denied access to counsel and the courts; the BOP failed to follow its own regulations; his Good Conduct Time (GCT) has been improperly withheld; and he is unlawfully confined. For the reasons set forth below, this action is dismissed.

*Background*

A jury in the United States District Court for the District of Massachusetts convicted Mr. Ziskind on February 12, 2003 of conspiring to possess stolen goods in violation of 18 U.S.C. §§ 371 and 659. See United States v. Ziskind, No. 02-10016 (D. Mass. filed on Jan. 16, 2002). The

---

[1]While the Sixth Circuit has taken judicial notice of a superseded pleading, Pennsylvania R. R. v. City of Girard, 210 F.2d 437 (6th Cir. 1954), it has cautioned against such practice. Shell v. Parrish, 448 F.2d 528, 530 (6th Cir. 1971). Therefore, inasmuch as an amended pleading supersedes the original pleading, facts not incorporated into the amended pleading are considered functus officio. See Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir.1998); Wellness Community-Nat'l v. Wellness House, 70 F.3d 46, 49 (7th Cir.1995).

court sentenced him to sixty-three months in prison on November 7, 2003. He filed a direct appeal of his sentence in the First Circuit Court of Appeals on November 17, 2003. The appeal is still pending.

At some point following his conviction for possessing stolen goods Mr. Ziskind was charged with "misdemeanor violations of 18 U.S.C. §§ 371 and 659." See United States v. Ziskind, No. 03-10077 (D. Mass. 2003). He pled guilty to the charges on March 23, 2004 and the court sentenced him to twenty-four months imprisonment on July 30, 2004, with twelve months to be served consecutively and twelve months served concurrently to the sixty-three- month sentence imposed under No. 02-10016. The Bureau of Prisons (BOP) calculated an aggregate prison term of seventy-five months. Mr. Ziskind filed an appeal of this sentence, which is still pending in the First Circuit Court of Appeals.

On August 19, 2004, Judge Douglas P. Woodlock of the District Court of Massachusetts issued a Judicial Recommendation pursuant to Federal Criminal Rule 38(b) wherein he suggested that a facility in Massachusetts be designated for Mr. Ziskind to permit consultation regarding the preparation of his appeal. At the time Judge Woodlock's Recommendation was issued Mr. Ziskind was incarcerated at F.C.I. Gilmer in West Virginia.

The warden at F.C.I. Gilmer approved Mr. Ziskind's transfer to the F.P.C Devens Camp in Massachusetts on August 19, 2005. That approval, however, was "overruled via email by the Mid-Atlantic Regional Office . . . and the Plaintiff was sent to F.C.I. Elkton, Ohio on November 1, 2005." (Am.Pet. at 7.) Three months after Mr. Ziskind's transfer to F.C.I. Elkton, Judge Woodlock issued another Judicial Recommendation on February 1, 2006. He set forth the same suggestion outlined in his August 2004 recommendation.

Mr. Ziskind now maintains that he "has exhausted his administrative remedies with the F.C.I. Elkton Warden, Mid-Atlantic Regional Office, Northeast Regional Office, and was denied by the BOP Central Office, Washington, D.C. on January 3, 2006." (Am. Pet. at 8.) Although the F.C.I. Elkton Warden allegedly denied his request initially, Mr. Ziskind claims that the Warden approved his transfer to F.P.C. Devens in Massachusetts on March 3, 2006. However, on March 8, 2006 the Northeast Regional Office then allegedly denied the request based on overcrowding at F.P.C.. Devens.[2]

*Analysis*

In his amended petition before the court, Mr. Ziskind alleges that the defendants have violated the Administrative Procedures Act (APA) because they have failed to follow a mandatory provision within their own regulations, namely BOP Program Statement §5100.07. He contends that this Program Statement sets forth that a Judicial Recommendation pursuant to Rule 38(b) is "binding" upon the BOP, as follows:

> In accordance with Rule 38(b) . . . when the court of conviction recommends that the inmate be retained in a place of confinement which will allow the inmate to participate in the preparation of the appeal, the Bureau shall make every effort to place the inmate in such a facility.

(Am Pet. at 7, Ex. 2, BOP (PS) §5100.07.) He maintains that the defendants' failure to comply with this regulation is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and, are contrary to constitutional rights that include the First, Fifth and Sixth Amendments to the U.S. Constitution." (Am.Pet. at 13.)

---

[2]There are no copies of any responses from the F.C.I. Elkton Warden, Mid-Atlantic Regional Office, Northeast Regional Office, or the BOP Central Office attached to Mr. Ziskind's pleading.

Referring to the two Judicial Recommendations issued by Judge Woodlock, Mr. Ziskind asserts that the issue regarding his transfer to the Commonwealth of Massachusetts has already been determined twice in his favor. As such, he claims the defendants are barred from "relitigating same, under the doctrine of collateral estoppel." (Am. Pet. at 14.)

As his third cause of action, Mr. Ziskind states that the defendants have deprived him of meaningful access to his attorney and to the courts. He asserts his entitlement "under the rights afforded by Rule 38(b) of the Federal Rules of Criminal Procedure, which is effective via the 'inherent' power of the All Writs Act, 28 U.S.C. § 1651(a), to enter orders aiding appellate jurisdiction." (Am. Pet. at 15.) His access to counsel has been further compromised by the fact that his communications with his attorney have been monitored and recorded by the defendants. Moreover, his "clearly marked legal mail" is routinely "inspected." These actions violate his First, Fifth, and Sixth Amendment rights, as well as 28 C.F.R. §§540.102 and 540.103.

With regard to his Good Credit Time (GCT), Mr. Ziskind alleges that the respondents have failed to award him forty-four days of credit to his sentence in violation of the Due Process and Ex Post Facto Clauses of the Constitution, as well as 18 U.S.C. § 3624(b). Furthermore, he asserts their actions are contrary to the United States Sentencing Commission Policy Statement, 18 U.S.C. §§ 3553(a)(5), 3553(b), 28 U.S.C. § 994(a)(2), United States Sentencing Guideline §1B1.7 and the "'canon of constitutional avoidance' under Clark v. Martinez, 125 S.Ct. 716, 724 (2005)." (Am. Pet. at 16.) Moreover, Mr. Ziskind states that it is the United States Sentencing Commission that Congress created to "establish[] sentencing policies and practices for the Federal criminal justice system" (Am. Pet. at 16), therefore it is the Commission that decides the amount of time for a particular offense to which a criminal defendant is subject, not the BOP.

His specific complaint is that he should be released on June 11, 2008, instead of the July 23, 2008 release date calculated by the BOP. He asserts that the BOP's date is incorrect and reflects its flawed policy of awarding only forty-seven days of GCT pursuant to Program Statement §5880.28 and 28 C.F.R. §523.20, instead of the fifty-four days of GCT set forth in the statute. He cites a policy statement from the United States Sentencing Commission wherein it notes that the abolition of parole will make the court's sentence "the sentence the offender will serve, less approximately fifteen percent for good behavior." (Am. Pet. at 17.) He adds that the BOP's authority is limited to calculating and awarding GCT, and does not extend to an interpretation of 18 U.S.C. §3624(b). As a consequence, he maintains that he is serving a longer sentence than the term imposed by the court. He asks that the court find PS § 5880.28 and 28 C.F.R. § 523.20 "invalid to the Plaintiff." (Am. Pet. at 17.)

In his fifth cause of action, Mr. Ziskind realleges the allegations set forth above and claims that the defendants, "acting under color of law," conspired to deprive him of his rights under "the First, Fifth and Sixth Amendments rights to the United States Constitution; under Rule 38(b) of the Federal Rules of Criminal Procedure, BOP Program Statement 5100.07; 28 C.F.R. §540.102, and 540.103; the Commission Policy Statement, . . .18 U.S.C. §3624(b); the Ex Post Facto and Due Process Clauses of the U.S. Constitution in violation of Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971)" (Am. Pet. at 18.) As his sixth cause of action, he alleges the defendants conspired to deprive him of his aforementioned rights.

He concludes, as his seventh cause of action, that his sixty-three month sentence for a violation of 18 U.S.C. § 371 is beyond the five-year statutory maximum authorized by Congress, and beyond the jurisdiction of the trial court. Citing In re Nielson, 131 U.S. 176 (1889) and United

States v. Cotton, 535 U.S. 625 (2002), Mr. Ziskind further maintains that this court can grant habeas corpus relief when the trial court's imposition of a sentence exceeds its jurisdiction. He adds that the "execution of the three month portion of the sentence in excess of the 5 year maximum authorized for 18 U.S.C. § 371, . . . results] in an unlawful restraint and confinement." (Am. Pet. at 19-20.) Moreover, the thirteen offense level enhancements imposed by the court for "conduct condoned by the statute of limitations, 18 U.S.C. §3282, which is an amnesty that makes the Plaintiff actually and legally innocent for, constitutes an unlawful execution of the time barred portion of the 63 month sentence."(Am. Pet. at 20.) With a citation to Haines v. Kerner, 404 U.S. 519 (197), Mr. Ziskind states that he reserves the right to perfect his claims and add additional claims or parties, including "John Doe Massachusetts resident, as such information becomes available via discovery." (Am. Pet. at 20.)

In his prayer for relief, Mr. Ziskind seeks a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, under the 5 U.S.C. § 701-706, as well as 28 U.S.C. §§ 1331, 1343, 1361, 1651, 2201, 2202 and 2241 to: prevent the defendants from delaying or impeding his transfer to the least restrictive facility in Massachusetts, require defendants to abide by their own regulations, transfer his lawsuit to the District Court of Massachusetts, Eastern Division pursuant to 28 U.S.C. § 1404(a), order the BOP to cease all recording or monitoring of his telephone conversations with his attorney and private investigators, stay the execution of "the unlawful portions of his sixty-three month prison sentence on case no. 02-10016-DPW," prevent the BOP from withholding forty-four days of GCT from his prison term and enjoin the defendants from retaliating or further depriving him of his civil rights. He is further seeking unspecified money damages and attorney, the issuance of a writ and further equitable, declaratory, preliminary and

7

permanent injunctive relief.

*Administrative Procedures Act*

The APA instructs that any person detrimentally affected by an agency decision is entitled to judicial review of that decision. See 5 U.S.C. § 702. However, such review is not afforded in cases where (1) the statute precludes review; or (2) the action complained of has been committed to agency discretion. See 5 U.S.C. § 701(a); Friends of Crystal River v. U.S. E.P.A., 35 F.3d 1073, 1078 (6th Cir. 1994). The APA does not provide a federal court with any independent basis for jurisdiction. See Califano v. Sanders, 430 U.S. 99, 106-07 (1977). Rather, it prescribes standards for judicial review of an agency action, once jurisdiction is otherwise established. See Dixie Fuel Co. v. Commissioner of Soc. Sec., 171 F.3d 1052, 1057 (6th Cir.1999) (citing Califano, 430 U.S. at 107). Thus, the court is first tasked to determine whether it has independent jurisdiction over the claims raised in Mr. Ziskind's amended pleading.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that

8

prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

Two key threads which run through the body of Mr. Ziskind's pleading are (1) the manner in which his sentence is being served is improper, and (2) the BOP is improperly executing the sentence imposed by the trial court. Inasmuch as this court has personal jurisdiction over his custodian, and he is challenging both the execution and manner in which his sentence is being served, it is proper for this court to assert jurisdiction pursuant to 28 U.S.C. §2241.

A. *BOP Interpretation - Rule 38(b) and 18 U.S.C. §3621(b)*

As a threshold matter, the Supreme Court has held that BOP Program Statements are entitled to less deference than published regulations because they are not promulgated subject to the rigors of the Administrative Procedure Act, including public notice and comment, and are merely internal guidelines that may be altered by the Bureau at will. See Reno v. Koray, 515 U.S. 50, 61(1995)(citations omitted). Even if notice and comment were not required, the court still must consider whether the Bureau's "interpretation" was a permissible construction of the relevant statute. In reaching this determination, the question the court faces is whether the BOP's interpretation directly contradicts the provisions of the statute. As a matter of law, the statute provides that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted." 18 U.S.C. § 3621(b)(2006).

Under the relevant Program Statement the Bureau provides that "[i]n accordance with Rule 38(b) of the Federal Rules of Criminal Procedure, when the court of conviction recommends

9

that the inmate be retained in a place of confinement which will allow the inmate to participate in the preparation of the appeal, the Bureau shall make every effort to place the inmate in that facility." BOP PS § 5100.07, Chap.3,p.3 (Sep. 3. 1999). The Statement further sets forth that "[i]f a reason exists for not placing the inmate in that facility, the matter is called to the attention of the court and an attempt is made to arrive at an acceptable place of confinement." Id. Examining the mandates of the statute and the PS section addressing Rule 38(b) recommendations it is clear that a conflict does not exist. The BOP is not "required" to send a person to the facility recommended by the trial court, but is only required to make the effort to comply with the court's order. The statute is clear, it is the BOP that "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). Therefore, the BOP's policy providing that it will make every effort to comply with a Judicial Recommendation complements its statutory authority to determine where a prisoner is housed. Accordingly, Mr. Ziskind's APA claims regarding the BOP's failure to comply with its own "regulations" is denied.

B.  *Good Credit Time*

It is within the statutory authority of the BOP to provide credit to prisoners towards the service of their sentences based on good behavior. See 18 U.S.C. §3624(b). The statute specifically provides that for any

> prisoner who is serving a term of imprisonment of more than 1 year [,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

10

18 U.S.C. § 3624(2006).  As a prisoner accrues credit against his sentence every year, the actual length of time he serves in prison is reduced by the credit he receives.  Under this scenario, the BOP then projects the application of credit pursuant to § 3624 based on each "adjusted" year that the prisoner would actually spend in prison, rather than applying a 'flat credit' based on the sentence imposed by the court.

Every court that has addressed the BOP's interpretation of § 3624(b), including the Sixth Circuit, has decided that while the language of the statute is ambiguous the BOP's interpretation is reasonable. Petty v. Stine,  424 F.3d 509, 510 (6th Cir.2006); see also Yi v. Fed. Bureau of Prisons, 412 F.3d 526 (4th Cir.2005) (unpublished); O'Donald v. Johns, 402 F.3d 172, 173-74 (3d Cir.2005); Perez-Olivio v. Chavez, 394 F.3d 45, 47-54 (1st Cir.2005); and White v. Scibana, 390 F.3d 997, 999-1003 (7th Cir.2004), cert. denied, --- U.S. ----, 125 S.Ct. 2921,(all upholding the BOP interpretation).  Current case law presumes that credit is earned only for the years in which the prisoner is actually incarcerated. See Trevino-Casares v. U. S. Parole Comm'n, 992 F.2d 1068,1072 (10th Cir. 1993)( "the application of service credits is governed by §18 U.S.C. 3624(a), which indicates, uncontroversially, that such credits are applied to the sentence of confinement the prisoner is serving"); see also Mistretta v. United States, 488 U.S. 361, 367 (1989)(prisoner released at the completion of his sentence reduced only by credit earned by good behavior while in custody).  In the face of such eminent authority, this court cannot find that the BOP has improperly denied Mr. Ziskind GCT under the statute.

*Section 2241 Challenges to Conviction*

There is a 'safety valve' provision set forth in 28 U.S.C. §2255 wherein a federal prisoner may bring a § 2241 claim challenging his conviction or the imposition of sentence, if it

11

appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." Accord United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). However, a federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999) (per curiam); Capaldi, 135 F.3d at 1123.

The courts have settled, beyond question, that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles, 180 F.3d at 756. Further, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

Mr. Ziskind's contention that the trial court exceeded its jurisdiction to impose his sixty-three month sentence, as well as his claim that his sentence enhancements were improper, are both arguments that directly attack the sentence imposed by the court. As such, it is his burden to establish that his remedy under 28 U.S.C. §2255 is both inadequate and ineffective to test the legality of his sentence. Mr. Ziskind has failed to meet his burden. There is not a single averment

demonstrating that Mr. Ziskind is entitled to challenge his sentence under §2241.  While he may be procedurally or otherwise barred from filing a motion to vacate pursuant to § 2255, these excuses do not provide safe passage to attack his sentence pursuant to §2241.  Therefore, this court lacks jurisdiction over Mr. Ziskind's claims regarding the trial court's authority to impose his sixty-three month sentence and the enhancements the court applied.

### *Bivens Claims*

In Bivens, the Supreme Court held that damages may be recovered from federal agents for injuries inflicted by them in violation of a victim's Fourth Amendment rights, even absent a statute authorizing a federal cause of action.  Bivens, 403 U.S. at 396-97.  Here, Mr. Ziskind alleges that he was deprived of rights secured by the federal constitution by persons acting under color of federal law. See Id. at 397.  The federal government is not subject to suit under § 1983, Ana Leon T. v. Fed. Reserve Bank, 823 F.2d 928, 931 (6th Cir.1987); and § 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979).

The Prison Litigation Reform Act, however, requires prisoners bringing actions concerning prison conditions to exhaust all available administrative remedies before suing in federal court.  See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 532(2002); Booth v. Churner, 532 U.S. 731, 741 (2001). The prisoner must plead his claims with specificity and demonstrate that he has exhausted all available administrative remedies by attaching the decision containing the administrative disposition of his grievance to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.  See

Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir.2000); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.1998). The only documents that Mr. Ziskind attached to his amended pleading were the Judicial Recommendations, BOP PS §5100.07, Custody Classification Data, a Guidelines Manual Policy Statement, Sentence Monitoring Computation Data, an affidavit from his attorney, William Cintolo, and the Government Sentencing Exhibit in Case No. 02-10016-DPW. Even taking judicial notice of the attachments he filed with his original pleading, at no time did Mr. Ziskind properly allege or document that he followed the proper administrative steps to bring his civil rights claims to the attention of the BOP before filing his Bivens action in this court. See id.

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. §2241.[3] The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DATE: May 15, 2006

    s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

[3] Considering the fact that, in cases where the BOP cannot place an inmate in a recommended facility, PS § 5100.07 provides that "the matter [should be] . . . called to the attention of the court and an attempt . . . made to arrive at an acceptable place of confinement," Mr. Ziskind is not precluded from pursuing the resolution of his place of confinement with the court that made the recommendation.