UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRUCE SCOTT ZISKIND, | ) CASE NO. 4:06CV0593 |
| | ) |
| Petitioner | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| -vs- | ) |
| | ) |
| ALBERTO GONZALES, et al., | ) ORDER |
| | ) |
| Respondents. | ) |

Before the court is pro se petitioner Bruce Scott Ziskind's "Motion to Alter, Amend, or to Vacate Denial of Emergency Motion for Temporary Restraining Order and Summary Dismissal of Verified Amended Complaint," filed June 6, 2006 pursuant to Rules 52(b), 59(e) and 60(b) of the Federal Rules of Civil Procedure. On March 21, 2006, this court denied Mr. Ziskind's request for Temporary Restraining Order (TRO) and dismissed his habeas corpus petition on May 15, 2006. He now asserts that he has set forth "credible claims of significant importance, [of] . . . first impression

[that] . . . warrant serious reconsideration of the Court's denying the Emergency TRO, and the dismissal of the Verified Amended Complaint."

Both a Federal Civil Rule 52 (b) and 59(e) Motion to Alter or Amend Judgment must be filed within ten days from the date of the judgment one seeks to alter. See FED. R. CIV. P.52(b) and 59(e); Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990). As such, Mr. Ziskind was required to file his motion within ten days from this court's May 15, 2006 judgment. Unfortunately, his motion was filed on June 6, 2006, clearly beyond the ten-day deadline from this court's judgment. Accordingly, Mr. Ziskind's challenges pursuant to Rules 52(b) and 59(e) are **dismissed** as untimely.

Where a party's Rule 59 motion is not filed within the mandatory ten-day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment. Feathers v. Chevron U.S.A., Inc., 141 F.3d 264-68(6th Cir. 1998). A Rule 60(b) motion may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Id. at 268 (quoting Fed.R.Civ.P. 60(b)). There is no single basis upon which Mr. Ziskind argues that he is entitled to relief, but he does consistently assert that he is entitled to relief from judgment. As

2

such, the court will address his challenges under Rule 60(b)(6).

*Petitioner's Reasons Justifying Relief*

When this court dismissed Mr. Ziskind's petition it was based, in part, on the fact that his pleading attempted to raise concerns regarding his prison conditions. As such, this court noted in its Memorandum of Opinion dismissing his petition that the Prison Litigation Reform Act (PLRA) requires that prisoners who bring actions concerning prison conditions to exhaust all available administrative remedies before coming to federal court. In his current motion, Mr. Ziskind maintains that he has now sufficiently averred that his administrative remedies have been exhausted. Although he disagrees with the Sixth Circuit's position that copies of the exhaustion documents should be attached to the pleading, he claims to attach the "same herein" to support his civil rights claim.

Notwithstanding the fact that Mr. Ziskind's attempt to demonstrate exhaustion of his administrative claims after the case was dismissed would be insufficient grounds upon which to alter or amend the court's judgment, see Curry v. Scott, 249 F.3d 493, 504 (6th Cir. 2001)(district court did not abuse its discretion within the meaning of Rule 60(b) when it refused to consider evidence of exhaustion not proffered until after the court rendered its decision), the documents he does attach are copies of the Federal Rules of Appellate Procedure. These documents obviously do not reflect the administrative procedures he would need to pursue in order to set forth a claim that his civil rights were violated.

He complains further that "the PLRA, 42 U.S.C. §1997e(a) and AEDPA, 28 U.S.C. § 2255 both unconstitutionally obstruct Article III's mandate to exercise judicial power in cases where the court properly has jurisdiction." (Mot. at 3.) The fact that he asserts this position based

3

on dicta in Judge Merritt's dissenting opinion in Davis v. Straub, 430 F.3d 281, 296-97 (6th Cir. 2005)( "[t]he majority's narrow view of § 2254(d)(1) unconstitutionally obstructs Article III's mandate to exercise the judicial power in cases over which the court properly has jurisdiction") underscores its lack of persuasive authority.

With regard to Mr. Ziskind's assertion that the BOP failed to comply with its own policy in the violation of the Administrative Procedures Act (APA), he has failed to state a basis upon which this court can alter or amend its judgement. Citing Jago v. United States District Court, 570 F.2d 618 (6th Cir. 1978), he claims that Rule 38 of the Federal Rules of Criminal Procedure "obtains its 'inherent' power under authority of the All Writs Statute." (Mot. at 3.) Jago, however, addressed the application of Federal Appellate Rule 23(a), which prohibits the transfer of custody of a petitioner pending review of a decision in a habeas corpus proceeding filed by that petitioner in federal court, except by order of the court rendering the decision. Unlike Criminal Rule 38(b) that addresses the court's recommendation that a prisoner be confined near the place of his appeal, Rule 23 "was designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending." Jago, 570 F.2d at 626; Goodman v. Keohane, 663 F.2d 1044, 1047 (11th Cir. 1981). Thus, the cases are inapposite and Mr. Ziskind presents no basis upon which this court can consider altering its judgment regarding his APA challenge to the BOP's interpretation of Rule 38.

The balance of Mr. Ziskind's motion does not address any of the issues upon which this court based its dismissal of his petition. Although he expresses concerns regarding the "dangerous precedent" this court's opinion has set, he does not satisfy the requirement of Rules

4

60(b)(6). Subsection (b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990).

## CONCLUSION

Based on the foregoing, petitioner's Motion to Alter, Amend, or to Vacate Denial of Emergency Motion for Temporary Restraining Order and Summary Dismissal of Verified Amended Complaint is denied. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DATE: 7/10/06

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE